**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 30, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-60800
Summary Calendar
_____

DARRELL GLENN,

                                                      Plaintiff-Appellant,

versus

CITY OF COLUMBUS, MISSISSIPPI; ET AL,

                                                      Defendants,

CITY OF COLUMBUS, MISSISSIPPI;
LOWNDES COUNTY MISSISSIPPI,

                                                      Defendants-
                                          Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CV-235-D
--------------------------------------------------------

Before DAVIS, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Darrell Glenn appeals the district court's final judgment granting the defendants' motions for

summary judgment and dismissing the case with prejudice.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Glenn argues that there are issues of material fact as to whether the city of Columbus is liable for his arrest without probable cause. Glenn's complaint raised a wrongful arrest claim against only the individual defendant who was voluntarily dismissed and not against Columbus. This court will not consider an issue based on a theory that Glenn did not assert in the district court. See Levertte v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Glenn argues that Columbus' use of a master bond schedule is a violation of the Eighth Amendment's Excessive Bail Clause. Glenn additionally argues that the requiring him to pay 10% of the bail amount to a bail bondsman without allowing him the opportunity to be heard by an impartial officer violates the Due Process Clause.

Because it was used in conjunction with other meaningful alternatives provided by the relevant Mississippi statutes, Columbus' use of the bond schedule does not violate the Excessive Bail Clause. See Pugh v. Rainwater, 572 F.2d 1053, 1057 (5th Cir. 1978) (en banc). For similar reasons, Columbus' use of the bond schedule does not violate the Due Process Clause. See Pugh, 572 F.2d at 1057. Mississippi provides that, upon arrest for a misdemeanor, an arrestee may demand to appear before a judicial officer; however, Glenn made no such demand. See MISS. CODE ANN. § 99-3-18(1). The defendants were not required to provide Glenn with a hearing before a judicial officer immediately upon the completion of booking during the early morning hours on a Sunday, when such an official was not readily available. See County of Riverside v. McLaughlin, 500 U.S. 44, 56-57 (1991). Accordingly, there was no denial of due process.

AFFIRMED.